**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIO MAGANA ESTRADA, JOSE FRANCISCO MAGANA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LAKEWOOD, et al.,<br><br>Defendants. | Civil Action No. 10-5789 (PGS)<br><br>MEMORANDUM AND<br><br>ORDER |

This matter comes before the Court on the motion for reconsideration (ECF No. 104) of the Court's August 6, 2012 Order dismissing the Ocean County Special Operations Group ("OCSOG") from this matter (ECF No. 101). The Court dismissed the OCSOG in its August 6, 2012 Order on the ground that the OCSOG was an investigative group in the service of the Ocean County Prosecutor's Office ("OCPO") — not a separate legal entity — and Plaintiffs named both the OCSOG and OCPO as defendants in their Amended Complaint.

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i). The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Such motions will only be granted where: (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a

manifest injustice arises.  *See, North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995*).*

Plaintiffs move for reconsideration and clarification of the Court's August 6, 2012 Order. At oral argument on February 7, 2013, the Court learned from counsel to the OCPO that some of the individual defendants are not employed by the OCPO, but rather, are employed by various municipalities in Ocean County and are assigned to the OCSOG under an agreement between the OCPO and those municipalities.  This revelation has created ambiguity about the source of the OCSOG's funding.  Because there is ambiguity regarding the OCSOG's funding source, there appears to be a question whether the OCSOG can be considered an arm of the state for Eleventh Amendment purposes.  As such, there is also a question at this point in the litigation of whether the OCSOG is a person within the meaning of Section 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 70-71 and n.10 (1989); *Grabow v. Southern State Correctional Facility*, 726 F.Supp. 537, 538-39 (D.N.J. 1989).

Accordingly, in order to correct a clear error of law and to prevent a manifest injustice, the Court will grant Plaintiffs' motion for reconsideration (ECF No. 104), and vacate its August 6, 2012 Order dismissing the OCSOG from the case (ECF No. 101).

ORDER

This matter having come before the Court on the motion for reconsideration (ECF No. 104) of the Court's August 6, 2012 Order dismissing the Ocean County Special Operations Group ("OCSOG"); and the Court having considered the briefs and submissions of the parties; and for good cause having been shown;

For the reasons set forth in the Opinion on this date:

    IT IS on this 21st day of March, 2013;

    ORDERED that Plaintiffs' motion for reconsideration (ECF No. 104) is granted and the Court's August 6, 2012 Order dismissing the OCSOG from the case (ECF No. 101) is vacated.

    *s/Peter G. Sheridan*
    PETER G. SHERIDAN, U.S.D.J.

March 21, 2013